UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CVB, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-cv-00288 |

**COMPLAINT**

Plaintiff, CVB, Inc. ("Plaintiff" or "CVB"), by and through its counsel, alleges and states as follows:

**I.   ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1.  Plaintiff seeks judicial review of the final affirmative injury determinations rendered by the United States International Trade Commission (the "Commission" or "ITC") with respect to mattresses from Cambodia, China, Indonesia, Serbia, Thailand, Turkey, and Vietnam.  The Commission issued its determinations on May 10, 2021 and the determinations were published in the Federal Register on May 14, 2021.  See Mattresses From Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, 86 Fed. Reg. 26,545 (Int'l Trade Comm'n May 14, 2021). The non-confidential determinations and views of the Commission are set forth in Mattresses from Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, Inv. Nos. 701-TA-645 and 731-TA-1495-1501 (Final), USITC Pub. No. 5191 (May 2021) ("Final Determinations").

**II.   JURISDICTION**

2.  Plaintiff brings this action pursuant to sections 516A(a)(2)(A)(i)(II) and

516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II), (B)(i).  This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced pursuant to 19 U.S.C. § 1516a.

### III. STANDING

3.  CVB is a U.S. importer of subject merchandise, and, thus, CVB qualifies as an interested party pursuant to 19 U.S.C. § 1677(9)(A).  Plaintiff participated in the proceedings before the Commission that form the basis of this action by filing briefs before the agency.  Plaintiff, therefore, has standing pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

### IV. TIMELINESS OF ACTION

4.  On May 14, 2021, the U.S. Department of Commerce ("Commerce") published the antidumping duty orders on mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, as well as the countervailing duty order on mattresses from China.  See Mattresses From Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia, 86 Fed. Reg. 26,460 (Dep't Commerce May 14, 2021); Mattresses From the People's Republic of China: Countervailing Duty Order, 86 Fed. Reg. 26,463 (Dep't Commerce May 14, 2021).

5.  The Commission published its final determination on May 14, 2021.  See Mattresses From Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, 86 Fed. Reg. 26,545 (Int'l Trade Comm'n May 14, 2021).

6.  On June 14, 2021, Plaintiff commenced this action pursuant to 516a(a)(2)(A)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i), by filing a timely Summons within thirty days after the date

of publication of the administrative determination being challenged herein.[1]  See ECF No. 1.

7. This Complaint is timely filed pursuant 516a(a)(2)(A) of the Act, 19 U.S.C. 1516a(A)(2)(A) and USCIT R. 3(a)(2), within 30 days of the filing of Plaintiff's Summons. The Summons and Complaint, therefore, are timely filed pursuant to 19 U.S.C. § 1516a(A)(2) and Rules 3(a)(2) and 6(a) of this Court.

## V.     STATEMENT OF FACTS

8. On March 31, 2020 Brooklyn Bedding, Corsicana Mattress Co. ("Corsicana"), Elite Comfort Solutions ("Elite"), FXI, Inc. ("FXI"), Innocor, Inc. ("Innocor"), Kolcraft Enterprises, Inc. ("Kolcraft"), Leggett & Platt, Inc. ("Leggett & Platt"), the International Brotherhood of Teamsters, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO (collectively, "Petitioners"), filed petitions with Commerce and the Commission seeking the imposition of antidumping and countervailing duties on imports of mattresses from Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam.

9. On May 15, 2020, the Commission made an affirmative preliminary determination. See Mattresses From Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, 85 Fed. Reg. 30,984 (Int'l Trade Comm'n May 21, 2020); see also Mattresses From Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, Inv. Nos. 701-TA-645 and 731-TA-1495-1501 (Prelim.), USITC Pub. 5059 (Int'l Trade Comm'n May 2020).

10. Commerce simultaneously conducted its antidumping and countervailing duty investigations. On September 11, 2020, Commerce published its preliminary affirmative countervailing duty determination on mattresses from China. See Mattresses From the People's

---

[1] Given that the 30th day fell on a weekend, CVB timely filed the Summons on the next business day in accordance with the Court's Rules. See USCIT R. 6(a)(1)(C).

Republic of China: Preliminary Affirmative Countervailing Duty Determination, and Alignment of Final Determination With Final Antidumping Duty Determination, 85 Fed. Reg. 56,216 (Dep't Commerce Sept. 11, 2020). On November 3, 2020, Commerce published its preliminary affirmative determinations of sales at less than fair value for mattress from Cambodia, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam. See Mattresses From Cambodia: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, Postponement of Final Determination, and Extension of Provisional Measures, 85 Fed. Reg. 69,594 (Dep't Commerce Nov. 3, 2020); Mattresses From Indonesia: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures, 85 Fed. Reg. 69,597 (Dep't Commerce Nov. 3, 2020); Mattresses From Malaysia: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures, 85 Fed. Reg. 69,574 (Dep't Commerce Nov. 3, 2020); Mattresses From the Serbia: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Negative Determination of Critical Circumstances, Postponement of Final Determination, and Extension of Provisional Measures, 85 Fed. Reg. 69,589 (Dep't Commerce Nov. 3, 2020); Mattresses From Thailand: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures, 85 Fed. Reg. 69,568 (Dep't Commerce Nov. 3, 2020); Mattresses From the Republic of Turkey: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Negative Determination of Critical Circumstances, Postponement of Final Determination, and Extension of Provisional Measures, 85 Fed. Reg. 69,571 (Dep't Commerce Nov. 3, 2020); Mattresses From the Socialist Republic of Vietnam: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and

Extension of Provisional Measures, 85 Fed. Reg. 69,591 (Dep't Commerce Nov. 3, 2020).

11. On March 25, 2021, Commerce published its final affirmative countervailing duty determination and final affirmative determinations of sales at less than fair value. See <u>Mattresses From the People's Republic of China: Final Affirmative Countervailing Duty Determination</u>, 86 Fed. Reg. 15,910 (Dep't Commerce March 25, 2021); <u>Mattresses from Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value</u>, 86 Fed. Reg. 15,889 (Dep't Commerce March 25, 2021); <u>Mattresses from Serbia: Final Affirmative Determination of Sales at Less Than Fair Value, and Final Negative Finding of Critical Circumstances</u>, 86 Fed. Reg. 15,892 (Dep't Commerce March 25, 2021); <u>Mattresses from Cambodia: Final Affirmative Determination of Sales at Less Than Fair Value, and Final Negative Finding of Critical Circumstances</u>, 86 Fed. Reg. 15,894 (Dep't Commerce March 25, 2021); <u>Mattresses from Indonesia: Final Affirmative Determination of Sales at Less Than Fair Value</u>, 86 Fed. Reg. 15,899 (Dep't Commerce March 25, 2021); <u>Mattresses from Malaysia: Final Affirmative Less Than Fair Value Determination</u>, 86 Fed. Reg. 15,901 (Dep't Commerce March 25, 2021); <u>Mattresses from Turkey: Final Affirmative Determination of Sales at Less Than Fair Value, and Final Negative Finding of Critical Circumstances</u>, 86 Fed. Reg. 15,917 (Dep't Commerce March 25, 2021); <u>Mattresses from Thailand: Final Affirmative Determination of Sales at Less Than Fair Value</u>, 86 Fed. Reg. 15,928 (Dep't Commerce March 25, 2021).

12. On April 21, 2021, following its final phase investigation, five Commissioners made affirmative determinations regarding whether an industry in the United States is materially injured by reasons of imports of mattresses from Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam. The Commission thereby stated that it had reached affirmative injury determinations.

13. On May 14, 2021, the Commission published its final determinations in the *Federal*

*Register*. See <u>Mattresses From Cambodia, China, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam</u>, 86 Fed. Reg. 26,545 (Int'l Trade Comm'n May 14, 2021). The final views of the Commissioners are set forth in the <u>Final Determinations</u>.

15. On May 14, 2021, Commerce published the antidumping duty order on mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, Turkey, and Vietnam, as well as the countervailing duty order on mattresses from China. See <u>Mattresses From Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia</u>, 86 Fed. Reg. 26,460 (Dep't Commerce May 14, 2021); <u>Mattresses From the People's Republic of China: Countervailing Duty Order</u>, 86 Fed. Reg. 26,463 (Dep't Commerce May 14, 2021).

## VI. CLAIMS AND BASES FOR RELIEF

**Count 1: Competition**

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16. The Commission's determination that the U.S. mattress market is not sharply segmented was unsupported by substantial evidence and otherwise not in accordance with law.

17. The Commission erred as a matter of law in failing to consider alternative methods of analyzing subject imports, such as by distinguishing between the mattress-in-a-box ("MiB") and flat-pack mattress ("FPM") market segments.

18. The Commission improperly ignored record evidence that clearly demonstrated that MiBs and FPMs are segmented in relevant aspects of the mattress industry.

19. The Commission also erred in failing to consider the significant record evidence showing that individual customers prefer one format to the other, which makes it clear that MiBs

and FPMs are not completely fungible with each other.

20. In light of the record evidence that was presented, the Commission's determination that the competition between the MiB and FPM segments is not highly attenuated was unsupported by substantial evidence and otherwise not in accordance with law.

**Count 2:  Volume**

21. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20.

22. The Commission's determination that the volume of subject imports had a significant volume effect on the domestic industry during the period of investigation ("POI") was unsupported by substantial evidence and otherwise not in accordance with law.

23. The Commission erred in its cumulation analysis, which was not consistent with law in that it failed to properly and consistently treat all imports together and disregard individual trends amongst subject countries, particularly in the face of data showing an overall decline in subject import market share in the MiB segment over the POI.

24. The Commission improperly ignored record evidence demonstrating significant non-price reasons for any increases in subject imports, including instability and uncertainty with respect to domestic production and domestic supply, and reliability, availability, and quality of supply, and the growth of the MiB market segment.

25. For the forgoing reasons, the Commission's determination that the volume of imports was significant was unsupported by substantial evidence and otherwise contrary to law.

**Count 3:  Price Effects**

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25.

27. The Commission's determination that subject imports depressed or suppressed the price of the domestic like product was unsupported by substantial evidence and otherwise not in

accordance with law.

28. The Commission's determination that subject imports caused significant price effects when there is no price convergence, or indication of domestic like product prices falling to meet subject imports, is unsupported by substantial evidence and is not otherwise in accordance with law.

29. The Commission erred in failing to consider contrary evidence that disproves any price effects by reason of subject imports, including declining demand for FPMs and/or increasing demand for MiBs due to their quality and innovation, competition among domestic producers, changes in product and producer mix, raw material cost trends, market share gains by domestic product in the MiB segment, and the lack of evidence that subject imports caused price effects on domestic like product.

30. The Commission's presumption of a causal link between the domestic prices and the subject imports is unsupported by substantial evidence and is not otherwise in accordance with law.

**Count 4:  Impact**

31. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 30.

32. The Commission's determination that subject imports had a significant impact on the domestic industry was unsupported by substantial evidence and otherwise not in accordance with law.

33. The Commission's failure to consider the discrete MiB and FPM market segments in performing its impact analysis was unsupported by substantial evidence and not in accordance with law.

34. The Commission's failure to consider the fact that the domestic industry gained

market share in the MiB segment, the segment in which subject imports were almost exclusively concentrated, is unsupported by substantial evidence and is not otherwise in accordance with law.

35.    The Commission's failure to consider that the performance of the domestic MiB segment improved throughout the POI, that the domestic industry replaced its FPM capacity and production with MiB production on an almost one-to-one basis over the full years of the POI, and increased its MiB capacity further in the interim period, is unsupported by substantial evidence and is not otherwise in accordance with law.

36.    The Commission's failure to consider and properly explain the impact of factors other than subject imports on the domestic industry is unsupported by substantial evidence and is not otherwise in accordance with law. For example, the Commission ignored or failed to give proper weight to factors such as the rapid expansion of domestic capacity in the MiB segment, the entrance of new domestic producers, and the availability and costs of raw materials.

37.    The Commission's failure to consider the lack of evidence that the price of domestic like product could have been higher but for the import competition is unsupported by substantial evidence and is not otherwise in accordance with law.

38.    The Commission's failure to examine alternative factors affecting the domestic industry's financial performance, such as the decreasing demand for FPMs and the increasing competition in the U.S. in the MiB segment during the POI, is unsupported by substantial evidence and is not otherwise in accordance with law.

39.    For these reasons, the Commission's affirmative injury determinations were unsupported by substantial evidence and otherwise not in accordance with law.

## **REQUEST FOR JUDGMENT AND RELIEF**

For the foregoing reasons, Plaintiff respectfully requests this Court to:

(1)     find the Commission's affirmative final determinations with respect to Mattresses from Cambodia, China, Indonesia, Serbia, Thailand, Turkey, and Vietnam are not supported by substantial evidence or otherwise not in accordance with law;

(2)     remand the Commission's determinations to the Commission for further deliberations in accordance with this Court's opinion; and

(3)     grant such other relief as this Court may deem just and proper.

Respectfully submitted,

**/s/ Geoffrey M. Goodale**
Geoffrey M. Goodale
Brian H. Pandya
DUANE MORRIS LLP
505 9th Street, N.W. – Suite 1000
Washington, D.C. 20004
Tel: 202-776-5211
gmgoodale@duanemorris.com

Stephen G. Larson
Robert C. O'Brien
Paul A. Rigali
LARSON LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Tel: 213-436-4864
slarson@larsonllp.com

*Counsel to CVB, Inc.*

Dated: July 13, 2021

# CERTIFICATE OF SERVICE

*CVB, Inc. v. United States, Court No. 21-cv-00288*

Pursuant to USCIT Rule 3(f), I hereby certify that, on July 13, 2021, I caused a copy of the attached complaint to be served by certified mail, return receipt requested [or registered mail, return receipt requested for entities outside of the United States], on the following:

| | |
|---|---|
| Attorney-in-Charge<br>International Trade Field Office<br>National Courts Section<br>Commercial Litigation Branch<br>**U.S. Department of Justice**<br>26 Federal Plaza, Room 346<br>New York, NY 10278 | Jeanne Davidson, Director<br>Attorney-in Charge<br>Civil Division<br>Commercial Litigation Branch<br>**U.S. Department of Justice**<br>1100 L Street, NW<br>Washington, DC 20530 |
| The Honorable Lisa R. Barton<br>Secretary<br>U.S. International Trade Commission<br>500 E Street, S.W.<br>Washington, D.C. 20436 | Michelle O. McClelland<br>Assistant General Counsel<br>**U.S. Department of Commerce**<br>14th and Constitution Avenue, NW<br>Washington, DC 20230 |
| Robert Heilferty<br>Chief Counsel for Enforcement & Compliance<br>Office of the Chief Counsel for Trade<br>International Trade Administration<br>**U.S. Department of Commerce**<br>1401 Constitution Avenue, NW<br>Washington, DC 20230 | Yohai Baisburd, Esq.<br>**Cassidy Levy Kent (USA) LLP**<br>900 19th Street, N.W. – 4th Floor<br>Washington, D.C. 20006 |
| Grace W. Kim, Esq.<br>**Kelley, Drye & Warren LLP**<br>Washington Harbour, Suite 400<br>3050 K Street, N.W.<br>Washington, D.C. 20007 | Kristin H. Mowry, Esq.<br>**Mowry & Grimson, PLLC**<br>5335 Wisconsin Avenue, N.W.<br>Suite 810<br>Washington, D.C. 20015 |
| Camelia C. Mazard, Esq.<br>**Doyle, Barlow & Mazard PLLC**<br>1776 K Street, N.W. – Suite 200<br>Washington, D.C. 20006 | David M. Schwartz, Esq.<br>**Thompson Hine LLP**<br>1919 M Street, N.W. – Suite 700<br>Washington, D.C. 20036 |

J. David Park, Esq.
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Edmund W. Sim, Esq.
**Appleton Luff Pte Ltd.**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20036

Mrs. Pradnyawati
Director of Trade of Defense
Ministry of Trade of Indonesia
Jl. M.l.Ridwan Rais. No. 5 Gedung II Lt. 10
Jakarta Pusat, Indonesia 10110

Dogus Tozanli
Istanbul Exporters' Association
Istanbul Ihracatci Birlikleri Genel Sekreterligi
Cobancesme Mevkii, Sanayi Caddesi DTK
Yenibosna
34197 Istanbul Turkey

Mr. Wijayanto
Embassy of Indonesia
2020 Massachusetts Avenue, N.W.
Washington, D.C. 20036

Jonathan T. Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, N.W.
Washington, D.C. 20004

Eric C. Emerson, Esq.
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

Oagir Volkan AGAR
Republic of Turkey Ministry of Trade
T.C. Ticaret Bakanligi
Sogutozu Mah. 2176.Sk. No: 63 06530
Cankaya, Ankara, Turkey

Kevin Pandowo
PT. Romance Bedding and Furniture
Jalan Sukarela No. 5,
Penjaringan, Jakarta Utara,
Indonesia

/s/ Geoffrey M. Goodale

Geoffrey M. Goodale
**Duane Morris LLP**
505 9th Street, N.W. – Suite 1000
Washington, D.C. 20004
Tel: 202-776-5211
gmgoodale@duanemorris.com

*Counsel to Plaintiff*